IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| Z CONTRACTING, INC. | PLAINTIFF |
| Vs.         CASE NO. 3:09cv00030 JLH | |
| ASSOCIATED ENGINEERING AND TESTING, LLC, et al | DEFENDANTS |
| ASSOCIATED ENGINEERING AND TESTING, LLC, et al | THIRD-PARTY PLAINTIFF |
| Vs. | |
| PHASED RIGHT INCORPORATED d/b/a NEI ELECTRIC POWER ENGINEERING, INC. | THIRD-PARTY DEFENDANT |

## ORDER

This case is set for a settlement conference **November 4, 2010, at 9:30 a.m.**, in Room 1B, Richard Sheppard Arnold United States Courthouse, 500 West Capitol, Little Rock, Arkansas, before Magistrate Judge Jerry W. Cavaneau.

THE PARTIES OR REPRESENTATIVES WITH FULL SETTLEMENT AUTHORITY (OTHER THAN COUNSEL) ARE DIRECTED TO BE PRESENT FOR THE CONFERENCE. The Count has been informed of the parties' availability on November 4, 2010. Therefore, we trust no party or representative has a conflict with the setting and non-appearance by a party or representative may result in sanctions. It is impossible for a party or representative who is not present to fully appreciate the process and the reasons that may justify a change in one's perspective towards settlement.

For this settlement conference to be as productive as possible, I am requesting each of you to provide the Court with a confidential letter (not to be exchanged with opposing

counsel or filed with the Clerk's office). The Court will not disclose anything contained in this confidential letter to opposing counsel before, during, or after the settlement conference, unless expressly authorized to do so.

Each party's confidential letter should candidly discuss the following issues:

(1) The current status of settlement negotiations, including the most recent settlement demands and settlement offers exchanged between counsel.

(2) Each party's current realistic assessment of the actual range within which the claims and counterclaims in this case should be settled.

(3) Each party should identify the major obstacles to reaching settlement; discuss how each of these obstacles impacts settlement; and, set forth its best ideas on how each of these obstacles can be overcome.

(4) I have read the pleadings in this case and know from prior experience that factual disputes in construction claims can be quite complex. In order to give me a better factual background and to amplify the allegations of the pleadings, it would be helpful if each party could provide a brief outline of the proof they feel supports their relative positions. Also, counsel should feel free to provide any materials they think would help me prepare for the conference.

In order for me to prepare for the Thursday, November 4, 2010, settlement conference, please send your confidential letter and any materials to me, via facsimile (501.604.5207) or by mail, no later than 12:00 noon, on **Tuesday, November 2, 2010.**

The Court will use a mediation format with an opening joint session followed by private caucusing by the Court with each side. No evidence of settlement discussion will be admissible at trial or disclosed to the trial judge or his staff.

IT IS SO ORDERED this 20th day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE